UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ROBERT G. WALLACE TRUST<br><br>JANEILLE LITTON, Trustee of the ROBERT G. WALLACE TRUST, Petitioner,<br><br>         Petitioner,<br><br>    v.<br><br>BENSON L. SCHAUB, Managing Trustee of the ROBERT G. and GLORIA R. WALLACE FAMILY FOUNDATION, a Qualified Charitable Remainder Unitrust; BENSON L SCHAUB, as President, Trustee or Controlling Owner of THE AMERICAN FOUNDATION FOR CHARITABLE SUPPORT, INC.; THE INTERSTATE COMMUNITY FOUNDATION; THE USA FOUNDATION; and FOUNDATION PLANNERS OF AMERICA and ROES 1 through 10 inclusive,<br><br>         Respondents. | 2:14-cv-00600-GEB-DAD<br><br>**ORDER REMANDING CASE FOR LACK OF JURISDICTION** |

Respondents seek dismissal in this removed case of Petitioner's "Petition" for determination of "Entitlement to Estate Distribution and for Instructions." (Resp'ts. Mot. ECF No. 8.) When considering the motion, the Court observed that Petitioner's Petition fails to contain a sufficient factual

1

allegation indicating that Petitioner has standing to sue Respondents as required by Article III of the United States Constitution. Specifically, Petitioner alleges in the Petition that she is trustee of the Robert G. Wallace Trust ("RGW Trust") and that she seeks a distribution of assets from a different trust called the Robert G. and Gloria R. Wallace Family Foundation ("the Foundation Trust") to an organization called the Friendship Club, which is alleged to be the sole beneficiary of the Foundation Trust; however, Petitioner's Petition fails to contain an allegation that Petitioner or the RGW Trust has any relationship to the Foundation Trust or the Friendship Club. Therefore, an order issued raising sua sponte whether this case should be remanded to state court because of the Petitioner's failure to allege facts showing that Petitioner has standing to sue Respondents. (ECF No. 16.) Each party was granted leave to submit briefs addressing this standing issue, and those supplemental briefs have been considered.

        Respondents argue in their supplemental brief that Petitioner has standing to sue on behalf of the deceased settlor of the Foundation Trust since he was also the settlor of the RGW Trust, which serves as his estate. Respondents contend, "[Petitioner] has an interest, as the alleged trustee of the [RGW Trust]/[the settlor's] estate, to see that [the settlor's] directions [to the Foundation Trust] be carried out." (Resp'ts. Supplemental Br. 2:28-3:2, ECF No. 19.) However, Petitioner's Petition does not contain an allegation stating the Foundation Trust settlor was also the RGW Trust settlor nor that the RGW Trust serves as the settlor's estate. Nor have Respondents

provided evidence supporting this argument.

Respondents argue in the alternative in their supplemental brief that a document attached to Petitioner's opposition to the dismissal motion establishes that the Friendship Club assigned to Petitioner its right to enforce the terms of the Foundation Trust. However, Respondents have not "produce[d] evidence sufficient to support a finding" that the document is authentic. Fed. R. Evid. 901(a). Although the document is introduced by a declaration attached to Petitioner's opposition to the dismissal motion, the declarant does not state that he is a "competent witness who wrote [the document], signed it, used it, or saw others do so." Las Vegas Sands, LLC v. Nehme, 632 F.3d 526, 532-33 (9th Cir. 2011)(internal quotation marks omitted); see Fed. R. Evid. 901(b)(1) (stating "[t]estimony that an item is what it is claimed to be" is an example of evidence that authenticates an item of evidence.) Nor have Respondents shown that the "appearance, contents, substance, internal patterns, or other distinctive characteristics" of the document, "taken together with all the circumstances," properly authenticate the document. Fed. R. Evid. 901(b)(4).

Since it has not been plausibly shown that Petitioner has Article III standing to maintain this lawsuit in federal court, this case is remanded to the Superior Court of California in the County of Nevada, from which it was removed.

Dated:  June 16, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3